# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MALCOM MUHAMMAD FOMBY,** ) ) ) | |
| Petitioner, ) ) ) | Civil Action Number **4:21-cv-08010-AKK** |
| v. ) ) ) | |
| **UNITED STATES OF AMERICA,** ) ) ) | |
| Respondent. | |

## MEMORANDUM OPINION

Malcom Muhammad Fomby was sentenced by this court to 100 months in prison after he was convicted by a jury of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1 at 1-2. Now before the court is Fomby's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See id.* For the reasons below, Fomby's petition is due to be denied.

## I.

A grand jury charged Fomby with one count of violating § 922(g)(1), which prohibits those with a felony conviction from knowingly possessing a firearm. Crim. doc. 1 at 1-2.[1] Specifically, the indictment alleged that Fomby had been previously

---

[1] Crim. doc. refers to the documents in Fomby's underlying criminal case, *United States v. Malcom Muhammad Fomby*, case no. 4:14-cr-00274-AKK-GMB.

convicted of four such crimes and then "knowingly possess[ed] . . . a Hi-Point .380 pistol." *Id.* Fomby pleaded not guilty to this charge and proceeded to trial. Doc. 1 at 1-2. Fomby's first trial ended in a mistrial, *see* crim. doc. 57, but a unanimous jury convicted Fomby in the second trial, *see* crim. doc. 69. The court then sentenced Fomby to 100 months in prison and 36 months of supervised release. Crim. doc. 79. After the Eleventh Circuit affirmed the jury's verdict, *see* crim. doc. 94, Fomby filed a "Motion And/Or Request For New Trial And To Vacate Conviction And Sentence" in his underlying criminal case, *see* crim. doc. 95. Fomby subsequently moved to amend this initial post-judgment motion, *see* crim. doc. 96, and asked the court to assign a civil case number to his motion, *see* crim. doc. 97. Fomby then filed the instant § 2255 petition. *See* doc. 1.

## II.

Section 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If a petitioner's challenge to his conviction is rejected on direct appeal, he cannot re-litigate the issues raised in his appeal in a subsequent § 2255 petition. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Moreover, if a petitioner fails to raise an available challenge to a criminal conviction or sentence on direct appeal, he is procedurally barred from raising it in a § 2255 proceeding.

*Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid this procedural default bar if he can show either (1) cause for not raising the claim on direct appeal and actual prejudice, or (2) actual innocence of the crime. *Id*. at 1234-35. In addition, claims of ineffective assistance of counsel are not subject to procedural default. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Ultimately, if it is clear from the motion and the relevant portions of the record that the petitioner is not entitled to relief under § 2255, the court may summarily dismiss the petition without ordering the United States to respond. *See* Rule 4, Rules Governing Section 2255 Proceedings (2019). *See also Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980)[2] (affirming district court's summary dismissal of § 2255 motion where record showed that petitioner was not entitled to relief).

## III.

In his petition, Fomby directs the court to the arguments he raised in several post-judgment motions filed in his underlying criminal case. Doc. 1 at 4; *see* crim. docs. 95, 96, 97. Fomby makes dozens of arguments for relief in these filings. The court discerns the following categories of claims: (1) that Fomby is actually innocent of the charges against him; (2) that his conviction was obtained in violation of his rights to due process and a fair trial; and (3) that his counsel provided ineffective

---

[2] Fifth Circuit decisions issued before October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

assistance throughout his criminal proceedings. *See* crim. docs. 95, 96. The court will address each category of argument in turn.[3]

### A.

Fomby first seeks relief based on his alleged actual innocence. Crim. docs. 95-1 at 1-8. Fomby's argument centers on his contention that the evidence at trial was insufficient to support his conviction. *Id.* However, Fomby raised this argument on appeal. *See* crim. doc. 94 at 3-6. The Eleventh Circuit rejected it, finding that the "evidence presented at trial and reasonable inferences drawn from it support the jury verdict." *Id.* Fomby is thus foreclosed from re-litigating this issue here. *Nyhuis*, 211 F.3d at 1343.

### B.

Fomby also attacks his conviction based on several alleged errors, most of which he claims violated his rights to due process and a fair trial. Specifically, as to the Government, Fomby argues that: (1) his conviction was obtained by the knowing use of perjured testimony, crim. doc. 95-1 at 10-18; (2) his conviction was obtained by prosecutor vindictiveness and selective prosecution, *id.* at 41-48; (3) the

---

[3] To the extent Fomby seeks a new trial under Federal Rule of Criminal Procedure 33, *see* crim. doc. 95 at 1-2, his request is untimely. Absent newly discovered evidence, a Rule 33 motion must be filed within 14 days of a guilty verdict. Fed. R. Cr. P. 33(b). Fomby filed his "Motion And/Or Request For New Trial And To Vacate Conviction And Sentence" in August 2018, roughly three years after the jury returned its guilty verdict. *See* crim. docs. 69, 95. Since Fomby has not presented any new evidence discovered following the conclusion of trial, he is not entitled to relief under Rule 33. *United States v. Taohim*, 817 F.3d 1215, 1222-23 (11th Cir. 2013). The court will therefore only analyze Fomby's arguments under the standards of § 2255.

prosecution committed several *Batson* violations, *id*. at 66-67; and (4) the prosecution's closing argument was so prejudicial that it denied Fomby a fair trial, *id*. at 86-88. And as to the court, Fomby asserts that: (1) it issued an *Allen* charge that coerced the jury into reaching a verdict, *id*. at 52-58; (2) it erred by admitting inaccurate evidence, *id*. at 63-64; and (3) it failed to allow Fomby to present evidence on his behalf, *id*. at 68-70. These are all issues related to the trial and were available to Fomby to raise in his direct appeal. Fomby failed to do so, *see* crim. doc. 94, and has not shown cause for this failure. He is therefore barred from bringing these claims due to his procedural default. *Lynn*, 365 F.3d at 1234-35.

In the proposed amendment to his motion, Fomby also claims that "pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019)[,] Fomby's conviction violated his due process right to a fair trial." Crim. doc. 96 at 1-2. Again, however, Fomby failed to raise this claim on direct appeal. *See* crim. doc. 94. And although *Rehaif* clarified the government's burden of proof in § 922(g) prosecutions, "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). Therefore, Fomby's fair trial- and due process-related arguments are procedurally barred and do not form a valid basis for vacatur of his sentence. *Lynn*, 365 F.3d at 1234-35.

## C.

Finally, Fomby makes several claims regarding the alleged inadequacy of his counsel. To succeed on an ineffective assistance claim, a petitioner must show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). "A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both Strickland prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Moreover, on matters of trial strategy, a petitioner bears a particularly heavy burden in proving ineffective assistance of counsel and must show that no reasonable lawyer would have pursued the challenged strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Because conclusory allegations of ineffectiveness are insufficient, *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992), "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

Many of Fomby's contentions misstate the record. For example, he argues that counsel failed to: (1) object to a sentencing enhancement based on prior felony

charges, crim. doc. 95-1 at 29; (2) object to the admittance of evidence allegedly obtained in violation of Fomby's Fourth Amendment rights, *id.* at 49-50; (3) object to a sentencing enhancement based on obstruction of justice, *id.* at 51; and (4) challenge the particularity of the search warrant, *id.* at 72-73. But counsel challenged the sufficiency of the search warrant and the admissibility of the resulting evidence, *see* crim. docs 61, 89 at 3-6, and also objected to the sentencing enhancements both orally and in writing, *see* crim. docs. 74, 91. And, even if Fomby could show that his counsel's performance in making these arguments was so deficient as to meet *Strickland*'s performance prong, he has not shown that but for his counsel's performance, the result of his appeal would have been different. *Strickland*, 466 U.S. at 687-88, 694.

Additionally, the vast majority of Fomby's ineffective assistance claims either (1) do not provide factual allegations to support the objections that Fomby argues his counsel should have made, (2) repeat arguments that were already rejected on direct appeal, or (3) challenge his counsel's reasonable strategy at trial. *See* crim. doc. 95-1 at 20, 30-34, 34-38, 39-40, 56-58, 59-60, 61-62, 65, 71-73, 74, 75-78, 79-81, 82, 83-85. These claims do not provide a basis for relief under § 2255. *Nyhuis*, 211 F.3d at 1343; *Rogers v. Zant*, 13 F.3d at 386; *Wilson*, 962 F.2d at 998.

Fomby's one remaining claim – that counsel provided ineffective assistance due to an alleged conflict of interest, crim. doc. 95-1 at 21-28 – lacks merit.

7

Allegedly, his defense counsel previously worked for the local prosecutor in the county where Fomby was arrested and did not pursue a vigorous defense because of these prior relationships. *Id.* Because Fomby does not allege that counsel "actively represented conflicting interests," he is not entitled to a presumption of prejudice. *Strickland*, 466 U.S. at 692. And Fomby's allegations of deficient performance due to this purported conflict largely mirror his arguments already considered and rejected above. Fomby has thus failed to show that, but for his counsel's alleged conflict of interest, the result of the proceeding would have been different. *Id*. at 687-88, 694.

### IV.

For these reasons, Fomby's motion to vacate, set aside, or correct his sentence under § 2255, doc. 1, is due to be denied in a separate order accompanying this memorandum opinion.

**DONE** the 10th day of January, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE